UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                 CASE NO: 2:15-cr-146-FtM-UACM

BRADLEY WES GAMBILL,
TAYLOR MARIE AMMONS, and
DOMINIC MAURICE LYNCH

_____/

## **ORDER**[1]

This matter comes before the Court on Defendants Bradley Gambill, and Dominic Maurice Lynch's Motions to Sever Defendants for Trial (Docs. #122, #127), filed respectively on September 4, 2016 and September 8, 2016.  The Government filed its Response in Opposition (Doc. #133) on September 14, 2016.  The Court held a hearing on September 15, 2016.  Therefore, this matter is now ripe for review.

### BACKGROUND

On August 26, 2015, the Cape Coral Police Department executed a search warrant on a home owned by Gambill, and seized evidence of the manufacture, possession, and concealment of counterfeit currency.  Specifically, said evidence was found in a bedroom Gambill shared with Defendant Taylor Marie Ammons.  At the time, Lynch also resided in the home along with Ammons' mother, and an individual named Billy Stone.  All Defendants initially denied involvement in any criminal activity.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Forensic analysis subsequently revealed that Gambill's fingerprints were found on the printer, uncut sheets of counterfeit currency, and on scraps of the discarded cuttings from the manufacture of counterfeit currency. Ammons' fingerprints were also found on the printer tray, counterfeit currency, and discarded counterfeit currency scraps located in a plastic bag. Finally, Lynch's fingerprints were found on the counterfeit currency, uncut sheets of counterfeit currency, and on discarded counterfeit currency scraps in a plastic bag.

Gambill, Ammons and Lynch were indicted on October 14, 2015 on two counts sounding in manufacturing counterfeit reserve notes in violation of 18 U.S.C. § 471 and possession of counterfeit reserve notes in violation of 18 U.S.C. § 472. Thereafter, and in the presence of her attorney, Ammons gave a recorded statement incriminating herself, Gambill, Lynch and Stone. In turn, and in the presence of his attorneys, Gambill gave a recorded statement incriminating himself, Ammons, Lynch and Stone. Lynch did not give a statement to law enforcement.

Gambill and Lynch now seek to sever their trials on the basis that the recorded statements given by Gambill and Ammons may prejudice the defense of their case. (Docs. #122 at 2-3, #127 at 3). Lynch also argues that severance is warranted because the parties could offer mutually exclusive and irreconcilable defenses at trial. (Doc. #127 at 4-5). The Government argues that severance is unnecessary. They assert that they will not seek to introduce the recorded statements given by Gambill and Ammons during their case-in-chief. They further argue Defendants cannot show compelling prejudice as a result of a joint trial. (Doc. #133 at 9).

**DISCUSSION**

Gambill and Lynch move to sever the trials based on Federal Rule of Criminal Procedure 14(a), and their Sixth Amendment right to confrontation. (Docs. #122 at 2-3, #127 at 3). For his part, Gambill argues that if Ammons does not testify, the introduction of her incriminating recorded statement against him would be impermissible because it would constitute hearsay, and that even if an exception did exist, any introduction would deprive him of his Sixth Amendment right of confrontation if she did not testify at trial. (Doc. #122 at 2-3). In more depth, Lynch echoes these arguments and also avers that severance should be mandated because each co-defendant may maintain mutually antagonistic and irreconcilable defenses. (Doc. #127 at 3-5).

In opposition, the Government states that severance is unnecessary because it does not intend to elicit testimony regarding the recorded statements during its case-in-chief – a move they argue moots the Sixth Amendment concerns raised in Defendants' Motions. (Doc. #133 at 9). They also argue that Lynch has failed to demonstrate compelling prejudice that would occur if the Defendants' trials were not severed. *Id.* The Court agrees.

Rule 8(b) of the Federal Rules of Criminal Procedure states that multiple co-defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Civ. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zaifro v. U.S.*, 506 U.S. 534, 537 (1993). This preference exists because joint trials "play a vital role in the criminal justice system." *Id.*

(citations omitted). Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (citations omitted).

Conversely, Rule 14 of the Federal Rules of Criminal Procedure allows joined parties to be severed where such a condition "appears to prejudice a defendant, or the government." Fed. R. Crim. Pro. 14(a). In this scenario, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *Id.* This occurs where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zaifro*, 506 U.S. at 539. These risks, though, are rare. See *United States v. Lopez,* 649 F.3d 1222, 1234 (11th Cir. 2011). "A defendant seeking a severance must carry the heavy burden of demonstrating [that] compelling prejudice would result from a joint trial." *Id.* That is, "a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work." *Id.* Similarly, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zaifro*, 506 U.S. at 540.

I.  *Severance as a Result of Sixth Amendment Concerns.*

Gambill and Lynch aver that their trials should be severed because their sixth amendment rights to confrontation of the witnesses presenting evidence against them would be violated by the Government's introduction of the recorded statements as evidence and either Gambill's or Ammons' subsequent decision not to testify at trial. Specifically, Gambill argues that if Ammons does not testify and the government

introduces evidence of her recorded incriminating statement as evidence against him, it would not only be hearsay, but if any exception were found, it would deny Gambill a right of cross examination under the Sixth Amendment. In step, Lynch argues that if both Gambill's and Ammons' incriminating statements are introduced, he will be unfairly prejudiced by an inability to cross examine either of them.

In support of their arguments, Gambill and Lynch cite to *Bruton v. United States,* 391 U.S. 123 (1968). There, two co-defendants, Evans and Bruton, were accused of armed postal robbery. *Bruton,* 391 U.S. at 124. At trial, Evans did not take the stand. *Id.* at 128. Nevertheless, a postal inspector testified for the government that Evans had orally confessed that he and Bruton had committed the armed robbery. *Id.* at 124. Despite being instructed that they were to disregard Evans' incriminatory confession as inadmissible hearsay when considering Bruton's guilt, both Evans and Bruton were convicted. *Id.* at 124-125. Bruton appealed his conviction. After granting certiorari, the Supreme Court held that "because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining [Bruton's] guilt, admissions of Evans' confession in [a] joint trial violated [Bruton's] right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." *Id.* at 126. The Court further explained that prohibitive jury instructions were not an adequate substitute for the constitutional right of cross examination because, "[a] jury cannot segregate evidence into separate intellectual boxes. It cannot determine that a confession is true insofar as it admits that A has committed criminal acts with B and at the same time ignore the inevitable conclusion that B has committed those same criminal acts as A." *Id.* at 131.

The Government avers that although it has disclosed the recorded statements of Gambill and Ammons, it does not intend to introduce these statements at trial. (Doc. #133 at 7). That being the case, the scenario upon which Defendants base their *Bruton* argument has not yet occurred. Thus, the Court need not inquire further, as until the Government seeks to introduce the recorded incriminating statements, the issue is not yet ripe for a decision.

   II.   *Severance as a Result of Disparate Arguments at Trial.*

Lynch also argues that trial should be severed because the parties could assume antagonistic positions in front of a jury. (Doc. #127 at 4). In support, Lynch cites to *U.S. v. Berkowitz*, 662 F. 2d 1127 (5th Cir. 1981) to allege that severance is required where defenses are so antagonistic as to be mutually exclusive or irreconcilable. (Doc. #127 at 4). This reliance is in error, as the Supreme Court in *Zaifro* contemplated that exact principle, explicitly mentioned *Berkowitz*, and elected not to adopt such a bright line rule. *Zaifro*, 506 U.S. at 538-539. Instead, *Zaifro* held that "[m]utually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id*.

Lynch argues that the trial should be severed because the jury will be confused by the potential of three competing narratives being offered at trial, including Gambill and Ammons' similar accounting of the events leading to indictment, the Government's allegation that Lynch was a participant in the manufacture and possession of counterfeit currency, and Lynch's anticipated defense that he was not involved. The Court is not persuaded that these circumstances will result in a level of confusion that would overcome

the preference to try the parties jointly. *Id.* at 537. While the risk of prejudice is heightened when "many defendants are tried together in a complex case and they have markedly different degrees of culpability[,]" this scenario simply does not present itself here. *See id.*

First, this case does not present a voluminous number of defendants that would require severance. It is well established that severance is appropriate where "the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." *U.S. v. Blankenship*, 382 F. 3d 1110, 1124 (11th Cir. 2004). The Court cannot reasonably hold that three (3) defendants, all charged with the same counts, can meet this threshold. This is particularly true in light of the fact that none of the parties have argued that this case will present a substantial evidentiary volume.

Second, the mere fact that the parties *may* offer differing accounts at trial of the activities leading to indictment does not so far submerge the consciousness of the jury as to prejudice Lynch and necessitate severance. Our justice system is structured to handle this very issue as most, if not all, trials present differing portrayals of fact. And, the Court has the inherent power to manage a trial in the event that issues of potential prejudice arise. If it is necessary for a jury to render an effective verdict, the parties may move the Court for specific relief, and at such time, the merits of such motions will be considered. This is well in line with established precedent.[2]

---

[2] "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zaifro, 506 U.S. at 538* (citation omitted).

Finally, the Court finds that the differing accounts of the parties at trial are unlikely to confuse the jury in a substantially prejudicial manner because they will not be forced to listen to the parties' arguments in abstraction, and instead will be free to concurrently weigh the evidence presented.  The charges faced by the Defendants - manufacture and possession of counterfeit currency - are not so complex that a jury would be prevented from rendering a reliable verdict upon consideration of competing narratives and the introduction and consideration of evidence.

In light of these findings, Lynch has not alleged facts that would give rise to compelling prejudice that would occur if trial in this matter were to remain joint.

Accordingly, it is now

**ORDERED:**

1. Defendant Bradley Wes Gambill's Motion to Sever Defendants for Trial ([Doc. #122](#)) is **DENIED**.

2. Defendant Dominic Maurice Lynch's Motion to Sever Defendants for Trial ([Doc. #127](#)) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this September 20, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record